doctrine announced by our Supreme Court that a prior properly recorded chattel mortgage on personal property is superior to a mechanic's lien based upon subsequently made repairs to the property. Commercial Credit Co. v. Brown (Tex. Com. App.) 284 S. W. 911; Vilbig v. Faison (Tex. Civ. App.) 296 S. W. 669.

■■ Since the appellee has filed no brief or argument in this case, it may be assumed that the validity of the instrument relied on by the appellant as a chattel mortgage is questioned upon the ground that it was executed by a married woman. As previously stated, the instrument bears the signature of both Mr. and Mrs. Merritt. But assuming that it was the contract of Mrs. Merritt alone, in which her husband had not concurred, the defense of coverture could not be pleaded by one occupying the attitude of Melton. That defense is personal to the married woman, and no third party can assert it. Crutcher et al. v. Sligar et al. (Tex. Civ. App.) 224 S. W. 227, and cases therein cited; Kollaer v. Puckett (Tex. Civ. App.) 232 S. W. 914; Spear on Marital Rights, § 186. But even a married woman can execute a valid chattel mortgage. Becker v. Goodman-Kantz Furniture Co. (Tex. Civ. App.) 13 S.W.(2d) 735.

We think the court erred in giving priority to the mechanic's lien asserted by Melton. The judgment will therefore be modified accordingly.

used in the construction of a county road. The county filed with the county judge its petition for condemnation, in strict compliance with the statutory requirements. Under the direction of the commissioners' court, the county judge appointed three disinterested freeholders of the county as special commissioners to assess the damages; they were duly sworn; a time for a hearing was promptly set, at a time and place suitable; a notice was issued by the commissioners notifying the interested parties of the time and place for the hearing; and the notices were properly served. The hearing was had at the time and place appointed, the testimony was heard, and the damages duly and legally assessed. The decision of the commissioners was reduced to writing and filed with other papers with the county judge. Appellant filed his objections to the award, and the county objected to the award on the ground that it was excessive. Appellant filed a motion to dismiss the cause, but if acted upon the record does not disclose it.

The record fails to show that any action was taken in the county court. There is no evidence, no trial, no judgment, and, as a matter of course, no notice of appeal. After the award by the commissioners no order was issued and filed with the county judge, and no action taken by the county judge or any other officer.

The appeal is dismissed.

## HACKETT v. WILLACY COUNTY.
### (No. 8200.)

Court of Civil Appeals of Texas. San Antonio. April 10, 1929.

W. H. Hackett, of Raymondville, for appellant.

R. F. Robinson, of Raymondville, for appellee.

FLY, C. J. This is a condemnation suit growing out of Willacy county condemning and appropriating 1.2 acres of land to be

## HARTFORD LIVE STOCK INS. CO. v. CARLISLE. (No. 3680.)

Court of Civil Appeals of Texas. Texarkana. April 4, 1929.

Thompson, Knight, Baker & Harris and Dwight L. Simmons, all of Dallas, for plaintiff in error.

Wynne & Wynne, of Kaufman, for defendant in error.